# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PHILIP LAMONT SHAVERS,**

    Petitioner,

v.

**WARDEN, FRANKLIN COUNTY
CORRECTION CENTER, II,**

    Respondent.

CASE NO. 2:20-CV-1034
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth A. P. Deavers**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1–1.) Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has also moved for leave to proceed *in forma pauperis*. (ECF No. 1.) Upon consideration, it appears that the motion is meritorious. Therefore, that motion is **GRANTED**. It is **ORDERED** that Petitioner will be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court . . . ." Rule 4. If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears Petitioner is not entitled to relief because his claim is time-barred. Accordingly, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and that this action be **DISMISSED**.

## Relevant Facts and Procedural Background

Petitioner alleges that he was convicted in approximately April of 2013 in the Court of Common Pleas for Franklin County, Ohio. (ECF No. 1, at PAGE ID # 8.) The on-line docket maintained by the Clerk of Court for Franklin County indicates that Petitioner was convicted of one count of burglary in violation of § 2911.12 of the Ohio Revised Code. (*See Docket*, *State of Ohio v. Shavers*, Case No. 13 CR 00147, docket entry, September 5, 2013.)[1] That docket also indicates that on September 5, 2013, Petitioner was sentenced to a four-year term of imprisonment to be followed by a mandatory three-year term of post-release control. (*Id.*) The docket further reveals that although Petitioner filed in the state trial court several *pro se* motions seeking judicial release, he did not file an appeal in the state appellate court.

Over four years later, on February 20, 2020, Petitioner filed the instant petition by placing it in an institutional mailing system. (ECF No. 1–1, at PAGE ID # 22.) In that document, Petitioner alleges that he has already served his entire four-year term of incarceration. (*Id.*, at PAGE ID # 12.) Although unclear, it appears that Petitioner also alleges that he has been

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

2

placed in custody for violating the terms of his post-release control. (*Id.*) Though again unclear, it appears that Petitioner contends that he is "being held illegally" because the imposition of a three-year term of post-release control when he was sentenced in 2013 violated his double jeopardy rights. (*Id.*)

### Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S. C. § 2244(d) provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

3

The instant petition is untimely. Petitioner was convicted and sentenced on September 5, 2013. That judgment became final on October 7, 2013, when the time to file a timely appeal in the state appellate court expired.[2] *See* § 2244(d)(1)(A); Ohio App.R. 4(A)). The statute of limitations for federal habeas relief began running the next day, October 8, 2013, and it expired one year later, on October 8, 2014. The instant petition, however, was filed on February 20, 2020, long after that deadline had already expired.

Petitioner is not entitled to statutory tolling of the limitations period pursuant to § 2244(d)(2). Petitioner's *pro se* motions seeking judicial release did not toll the limitations period because such motions do not constitute applications for state postconviction or other collateral review. *See Tomlinson v. Lazaroff*, No. 2:07CV583, 2008 WL 279654, at *2 (S.D. Ohio July 16, 2008); *Imburgia v. Bradshaw*, No. 1:09CV2009, 2010 WL 1628054, at *5 (N.D. Ohio Apr. 22, 2010) (citing *Clark v. Eberlin*, 2009 WL 2513553, at *5 (N.D. Ohio Aug. 13, 2009)). It does not appear that Petitioner filed anything else that could have statutorily tolled the period.

The Magistrate Judge also concludes that the petition does not allege facts demonstrating that equitable tolling of the statute of limitations is warranted. A petitioner is entitled to equitable tolling only if he shows: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010). The petition does not allege that some extraordinary circumstance stood in his way and prevented timely filing. Petitioner alleges that he "did not

---

[2] Petitioner had thirty days, or until October 5, 2013, to file a timely appeal in the state appellate court. Because October 5, 2013, fell on a Saturday the deadline was extended to Monday, October 7, 2013.

4

know" that he could seek federal habeas relief from this Court, and that he did not learn that he could seek such relief until he was informed "by a lawyer." (ECF No. 1–1, at PAGE ID # 12.) He asks the Court to "excuse [his] ignorance" because he is not a lawyer. (*Id.*) Nevertheless, a prisoner's *pro se* incarcerated status, lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011). Such conditions are typical for many prisoners, and thus, they do not constitute extraordinary circumstances. *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016.) Nor does Petitioner allege diligence— he fails to allege that he took any steps to protect his federal habeas rights.

A habeas petitioner is also entitled to tolling of the AEDPA's one-year statute of limitations if he makes a credible showing of actual innocence. *See McQuiggins v. Perkins*, 569 U.S. 383, 392 (2013); *Davis v. Bradshaw*, 900 F.3d 315, 326–27 (6th Cir. 2018). To invoke that miscarriage of justice exception to the AEDPA's statute of limitations, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have convicted him. *McQuiggin*, 569 U.S. at 386. The Sixth Circuit Court of Appeals has explained, however, that "this innocence gateway is a narrow one" and that it "'should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Davis*, 900 F.3d at 326 (quoting *McQuiggin*, 569 U.S. at 401 (citation and internal quotation marks omitted)). In this case, Petitioner does not allege the existence of new exculpatory evidence. He therefore fails to allege facts that could demonstrate that the actual innocence exception might be warranted.

**Recommended Disposition**

For these reasons, the petition is time-barred. Accordingly, the Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and that this action be **DISMISSED**. The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


Date:  March 2, 2020               */s/ Elizabeth A. Preston Deavers*_____
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**